PER CURIAM.
Appellee filed an action in the civil court of record of Dade County against the appellant Louis Glick, an attorney, and Harry Scherman to recover a balance claimed to be due for accounting services performed.
The plaintiff alleged that Glick, in the presence of his client Scherman, employed plaintiff to perform such services, to aid in certain litigation then pending in which Scherman was involved, and that Glick assured plaintiff he would be paid out of the proceeds accruing to Scherman from such litigation; that the litigation resulted in a judgment for Scherman in connection with which there was claimed as costs the amount of $1,857.50 for plaintiff’s services as an accountant and expert witness; that *538 plaintiff had been paid $1,027.50, leaving a balance of $830 owing.
The defendants’ answer admitted plaintiff performed services, averred he had been paid therefor, and denied any balance due. The answer averred that the court in the earlier case had disallowed the amount claimed for the accountant’s services, and had allowed only $250 therefor; and averred that the plaintiff accountant had been paid $1,207.50.
On trial without a jury, plaintiff was granted judgment against the defendants Harry Scherman and Louis Glick “jointly and severally” for $650 with interest from a stated date, and with costs, to be subsequently taxed.
This appeal was filed by the defendant Glick. We find merit therein, and reverse. On consideration of the record and briefs we conclude that there was an absence of competent substantial evidence to support a finding that the attorney Glick became personally obligated to the plaintiff for payment for the latter’s services performed for the defendant Scherman. Accordingly, the judgment is reversed as to the appellant Louis Glick.